UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-7842-GW-MRWx | Date | September 1, 2020 |
| Title | *Supreme Court of California, et al. v. Nina R. Ringgold, Esq.* | Page | 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - RULING ON EX PARTE APPLICATION TO REMAND CASE BACK TO THE STATE BAR PROCEEDINGS [5]**

On August 27, 2020, Nina R. Ringgold filed a Notice of Removal seeking to bring into federal court the current disciplinary proceedings which were then being conducted before a state bar court judge with Plaintiff California State Bar. *See* Docket No. 1; *see also* Declaration of James J. Chang in Support of Ex Parte Emergency Application for Remand ("Chang Decl.") at ¶¶ 5-7 and Exhibit 1, Docket No. 5-1

Previously, on March 23, 2015, the State Bar had filed a Notice of Disciplinary Charges against Ringgold containing 22 counts of misconduct including: maintaining unjust legal actions, failures to obey court orders, failures to report judicial sanctions, appearing for a party in court without that party's authorization, and intentionally employing litigation tactics primarily to increase litigation costs. *See* Exhibit 1 to Chang Decl. On that same day, Ringgold filed a Notice of Removal which was assigned to this Court. *See* Docket No. 1 in *State Bar of California, et al. v. Nina R. Ringgold, et al.*, Case No. CV-15-02159 ("15-2159 Case"). On May 19, 2015, this Court ordered that case remanded back to the State Bar because: (1) there was no proceeding then pending to be removed to federal court, and/or (2) if Ringgold was seeking to remove the then-uncommenced state bar disciplinary action, it would be a state administrative proceeding which cannot be removed to federal court.[1] *See Alaska Bar Ass'n v. Dickerson*, 240 F.Supp. 732, 734

---

[1] As this Court noted in its remand order:

> Under the Ninth Circuit's view, removal of state administrative proceedings to federal courts is not permitted by 28 U.S.C. § 1441(a) – which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" – regardless of the nature of the administrative proceedings or the functions of the agency. *See Or. Bureau of Labor & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002) ("We therefore hold that 28 U.S.C. § 1441(a) does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be. The statute authorizes removal only if the action is pending in a state court.") . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-7842-GW-MRWx | Date | September 1, 2020 |
| Title | *Supreme Court of California, et al. v. Nina R. Ringgold, Esq.* | Page | 2 of 2 |

(D. Alaska 1965) ("The complaint before the Grievance Committee clearly discloses that it is simply a disciplinary proceeding wherein it is alleged that respondent's conduct violated certain rules of the Alaska Bar Association. As such it is not a civil action within contemplation of the federal removal statute."). Ringgold appealed that decision and the Ninth Circuit summarily affirmed finding that "[a] review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument." *See* 15-2159 Case, Docket No. 56.

On January 15, 2019, Ringgold again filed a Notice of Removal as to the State Bar disciplinary proceeding, but this time after a hearing had been scheduled but had yet been held. *See* Docket No. 1 in *State Bar of California et al v. Nina R. Ringgold*, Case No. CV-19-0301 ("19-0301 Case"). On April 29, 2019, the Court granted Plaintiff's motion for remand for the same reasons stated in its ruling in the 15-2159 Case, and further cautioned Ringgold that: it "declines to award attorney's fees on this motion, but warns [Ringgold] that her continued use of the Federal courts as a delaying tactic in her State Bar proceedings will not be met with such leniency." *See* 19-0301 Case at Docket No. 39. The Ninth Circuit also summarily affirmed this Court's order. *Id.* at Docket No. 53.

Ringgold's current Notice of Removal suffers from the same defects as her prior attempts. There is no basis for her removing the state disciplinary proceedings to federal court and this Court does not have jurisdiction over it. Further, to the extent that she is genuinely concerned as to some aspect and/or outcome of the State Bar hearing (as opposed to merely seeking to improperly delay it), she has adequate remedies by appeal to the State Bar Review Department and to the California Supreme Court. *See generally Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 713 (9th Cir. 1995).

The State Bar of California has filed an Ex Parte Emergency Application for Remand of Improperly Removed Matter and Pre-Filing Order Barring Further Notices of Removal of State Bar Matters by Defendant Nina Ringgold ("Application"). *See* Docket No. 5. Ringgold has filed a Tentative Opposition to the Application and thousands of pages of other material. *See* Docket Nos. 6, 7, 11, 15. The Court finds that it can rule on the Application without the need for further submissions or oral argument from the parties. *See* C.D. Cal. L.R. 7-15.

For the reasons stated above and in the Application, the Court grants the Application. As Ringgold has been repeatedly informed, her state bar disciplinary proceedings cannot be removed to federal court. This matter is remanded forthwith back to California State Bar. The Court also finds that Ringgold has acted in bad faith in seeking this third removal of State Bar administrative proceedings to federal court. The Court will sign Plaintiff's proposed order.

---

*See* 15-2159 Case, Docket No. 31 at 2 of 5 (footnote omitted).